IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES of the IRON WORKERS      )
TRI-STATE WELFARE FUND            )
                                  )
                  Plaintiffs,     )      Case No.      10 C 1339
                                  )
     v.                           )      Judge Pallmeyer
                                  )
                                  )
AREA ERECTORS, INC.,              )
                                  )
                  Defendant.      )

FIRST AMENDED COMPLAINT

Plaintiffs, TRUSTEES of the IRON WORKERS TRI-STATE WELFARE FUND,

("Trust Fund"), by its attorney, Daniel P. McAnally, complain of the Defendant, AREA

ERECTORS, INC. and allege as follows:

1.      This action arises under Section 502 of the Employee Retirement Income

Security Act "ERISA", 29 U.S.C. §1132.  Jurisdiction is founded on the existence of

questions arising thereunder.

2.      The Trust Fund receives contributions from numerous employers pursuant

to Collective Bargaining Agreements between the employers and the International

Association of Bridge, Structural and Ornamental and Reinforcing  Iron Workers

("Union"), and therefore are multi-employer plans. (29 U.S.C. §1002).  The Trust Fund is

administered in Itasca, Illinois and venue is proper in the Northern District of Illinois.

3.      The Defendant is an employer engaged in an industry affecting commerce

which entered into Agreements which require Defendant to pay fringe benefit contributions

to the Trust Fund.

4.      Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5.      The Defendant must submit monthly reports listing the hours worked by its iron worker employees ("contribution reports") and to make concurrent payment of contributions to the Trust Fund based upon the hours worked by its iron worker employees.

6.      The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports to the Trust Fund for the period July 2010 through present and by failing to pay liquidated damages on previously submitted contributions.

7.      Plaintiffs have complied with all conditions precedent in bringing this suit.

8.      Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9.      Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

10.     Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

11.     Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

        a)      double interest on the unpaid contributions; or

        b)      interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

12.     Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a)      That the Defendant be ordered to submit fringe benefit reports and pay contributions for the months July 2010 through present.

b)      That the Plaintiffs be allowed to submit as estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.

c)      That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

d)      That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e)      That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f)      That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs, both pre and post judgment, pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g)      That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,
TRUSTEES   of   the   IRON
WORKERS TRI-STATE WELFARE
FUND

By:     s/DANIEL P. McANALLY

Whitfield McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
312/251-9700

3